UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ROBERT ANTHONY JOHNSON,<br><br>Defendant. | Case No. 4:13-cr-00139-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

Before the Court is Defendant Robert Anthony Johnson's Motion for Compassionate Release Pursuant to 18 U.S.C. § 3582(c)(1)(A). Dkt. 198. The Government has filed a response opposing the Motion. Dkt. 200. Mr. Johnson has not filed a Reply. After considering the briefing and record, the Court will deny the Motion for the reasons set forth below.

## BACKGROUND

MEMORANDUM DECISION AND ORDER - 1

On May 29, 2013, Mr. Johnson was indicted and charged along with two other individuals with one count of conspiracy to distribute a controlled substance and one count of possession with intent to distribute a controlled substance, namely a mixture and substance containing a detectable amount of methamphetamine. Dkt. 21. He subsequently entered a plea of guilty to the possession count. Dkts. 51; 56. On March 17, 2014, he was sentenced to a term of imprisonment of 75 months to be followed by 4 years of supervised release. Dkts. 81, 83. On October 8, 2015, his sentence was reduced to a term of 60 months pursuant to 18 U.S.C. 3582(c)(2) based on a guideline range that had subsequently been lowered and made retroactive by the United States Sentencing Commission pursuant to 28 U.S.C. § 994(u). Dkt. 117.

Supervision commenced July 3, 2017, and was set to expire on July 2, 2021. Dkt. 189. An Amended Petition on Supervised Release was filed on May 13, 2021, alleging several violations of mandatory, standard, and special conditions of supervised release. *Id*. On May 27, 2021, the Court imposed a sentence of 24 months which was the statutory maximum. Dkts. 193; 195. On January 20, 2022, he filed the pending Motion for Compassionate Release.

Mr. Johnson seeks release for his "time sensitive medical needs" and to lessen the "extreme hardships" his wife and daughter had been suffering in his

MEMORANDUM DECISION AND ORDER - 2

absence. He claims that his "momentary lapse in judgment" 78 days before the end of his term of supervised release together with COVID-19 had exacerbated the challenges his family was experiencing. He has a variety of complaints about FDC SeaTac, but the only one relevant to his motion pertains to his claim that the medical staff at the facility is ignoring his need for treatment for testicular pain.

The Government opposes the motion on the grounds that Mr. Johnson poses a danger to the community and release is contrary to the § 3553(a) sentencing factors. Additionally, Mr. Johnson has refused treatment for the medical condition he alleges is serious enough to warrant release. The Government admits that Mr. Johnson exhausted the required administrative remedies prior to filing his motion.

## LEGAL STANDARD

To grant compassionate release, a district court must, as a threshold matter, determine whether a defendant has exhausted his or her administrative remedies. 18 U.S.C. § 3582(c)(1)(A). "[A] district court must enforce the administrative exhaustion requirement . . . when the government properly invokes the requirement." *United States v. Keller*, 2 F.4th 1278, 1280 (9th Cir. 2021). If the exhaustion requirement is met, the court may grant compassionate release only if the defendant shows that "extraordinary and compelling reasons" for a reduction exist and the court concludes that the 18 U.S.C. § 3553(a) sentencing factors do not

**MEMORANDUM DECISION AND ORDER - 3**

weigh against such release. *Id*. at 1283-84 (citing *United States v. Aruda*, 993 F.3d 797, 801 (9th Cir. 2021)). A defendant bears the burden of demonstrating that relief is warranted when a motion for compassionate release under § 3582 is filed by the Director of the Bureau of Prisons. *United States v. Sprague*, 135 F.3d 1301, 1306-07 (9th Cir, 1998). Given that the Ninth Circuit has not yet considered the burden issue when the motion is filed by a defendant, district courts have continued to place the burden on the defendant. *See United States v. Blackwell*, No. 1:19-cr-00063-DAD-BAM-1, 2022 WL 2067877, at *4 (E.D. Cal. 2022) (citations omitted).

## ANALYSIS

Mr. Johnson clearly met the exhaustion requirement of § 3553(c)(1)(A) given that he requested compassionate release from the Warden of SeaTac FDC who denied the request. Dkts. 34-36. The Warden denied it on the grounds that Mr. Johnson had provided no documentation regarding his wife's alleged incapacitation or the extent of his own current medical condition.

Because Mr. Johnson has met the exhaustion requirement, the Court may now consider whether he has satisfied his two-pronged burden entitling him to release. The Court recognizes that it can deny compassionate release based on either prong, but it will consider both.

**MEMORANDUM DECISION AND ORDER - 4**

## 1. Extraordinary and Compelling Reasons.

Mr. Johnson claims that he is having significant difficulty remembering what he read the night before and conversations he had with his wife. The documentation he attached in support of that claim indicates that he wrote to Psychology Services complaining of the problem with a vague reference to the fact that he "thinks" it started when he received the first Covid shot. Dkt. 194 at 25. Psychology Services referred him to Medical Services whom he claims never responded to him. *Id*. af 24. It is unclear whether he is including this issue as a ground for compassionate release or as an example of FDC SeaTac's alleged lack of attention to his primary medical issue.

Mr. Johnson has a history of testicular cancer that was successfully surgically treated in 2019. He submitted documentation of a testicular ultrasound taken at St. Luke's-Jerome on May 21, 2021, after he had complained about returning testicular pain. Dkt.198 at 38-40. The study showed no evidence of torsion or testicular mass but did show:

> Small bilateral hydroceles. Cystic structure adjacent to the right epididymis with low-level internal echoes, likely indicating debris. This finding could represent a portion of the right hydrocele or a

separate epididymal head cyst or spermatocele.[1]

*Id*. at 38.

There is no indication in the report that follow-up treatment was recommended. However, Mr. Johnson states it is "absolutely imperative" that he get further specialized care as soon as possible and that FDC SeaTac will not provide for the "necessary surgical procedure." *Id*. at 2-3. He states that he is in constant pain, at risk for becoming sterile, and at risk for his cancer to metastasize. *Id*. at 3.

Mr. Johnson has offered no proof supporting his claim that his condition is serious or could lead to cancer. FDC SeaTac referenced the St. Luke's ultrasound report in its August 10, 2021, History and Physical report. Dkt. 200-1 at 13. Despite a complaint of testicular pain at that time, the report noted that Mr. Johnson refused the recommended rectal and a genital exam and signed a refusal form. *Id*. at 17. The refusal form indicated that a consequence of refusing the

---

[1] None of the terms in the ultrasound report suggests any serious issue. Hydroceles – not typically harmful or dangerous and usually does not affect fertility. *See* https://www.mayoclinic.org/diseases-conditions/hydrocele/symptoms-causes/syc-20363969. Spermatocele –non-cancerous sac or cyst; typically doesn't reduce fertility or require treatment. *See* https://www.mayoclinic.org/diseases-conditions/spermatocele/symptoms-causes/syc-20377829. Either can cause pain if large enough and can be surgically removed.

**MEMORANDUM DECISION AND ORDER - 6**

exams was that the medical staff members would be "unable to detect abnormalities." *Id*. at 44.

Finally, Mr. Johnson claims that his vehicles were being repossessed and foreclosure of his home had commenced because of his wife's inability to consistently work and care for their daughter during Covid restrictions. The Court notes that he has never been married and has no children. *Sent. Rec. (Sealed)*, Dkt. 191.

The Court finds that Mr. Johnson has not carried his burden of showing his medical issues and family hardships present extraordinary and compelling reasons justifying compassionate release. His alleged memory lapses are essentially a non-issue that apparently do not affect him in any substantial way given that he apparently is employed as skilled electrical worker while incarcerated. The ultrasound report does not indicate anything alarming or suggest treatment is needed. FDC SeaTac's alleged refusal to treat him is obviously due to Mr. Johnson's refusal to undergo a rectal and genital examination. Financial and other difficulties suffered by family members are a common consequence of incarceration for criminal behavior. There is nothing extraordinary or compelling about Mr. Johnson's claims either individually or cumulatively.

**MEMORANDUM DECISION AND ORDER - 7**

### 2. Applicable § 3353(a) Factors

In sentencing Mr. Johnson, the Court considered the nature and circumstances of Mr. Johnson's offense and his history and characteristics, as well as the need to promote respect for the law and to provide just punishment, general deterrence, and protection of the public from any of his further crimes. The impetus for imposing the maximum sentence was Mr. Johnson's numerous drug and alcohol related violations and attempts to cover up those violations starting less than a year after he commenced supervision. *Violation Report (Sealed)*, Dkt. 190. Mr. Johnson's self-described momentary lapse in judgment 78 days prior to the end of his term of supervision ignores the reality of his performance on supervised release. Similarly, Mr. Johnson's claim that he was gainfully employed from the time of his release from incarceration until the offense that resulted in the revocation likewise ignores reality. Although he appeared to be employed steadily until January of 2021, Mr. Johnson was terminated from two companies after that time and was unemployed at the time of his arrest. *Id*. at 3-4.

There are many other discrepancies between statements in Mr. Johnson's motion and the record, but the Court need not address them all to reach its decision. The cited discrepancies are sufficient to not only cast doubt on his substantive claims but to also support a finding that he would continue to present a

MEMORANDUM DECISION AND ORDER - 8

danger to the public if released and that the § 3553(a) factors do not weigh in favor of release.

## CONCLUSION

Mr. Johnson has failed to meet his burden of demonstrating any basis for relief under 18 U.S.C. § 3582(c)(1)(A).

## ORDER

**IT IS ORDERED that** Robert Anthony Johnson's Motion for Compassionate Release (Dkt. 198) is **DENIED**.

DATED: August 10, 2022

_____
B. Lynn Winmill
U.S. District Court Judge

**MEMORANDUM DECISION AND ORDER - 9**