IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ROBERT ANTHONY JOHNSON,<br><br>Defendant. | Case No. 4:13-cr-00139-BLW<br><br>**ORDER DENYING MOTION FOR RELEASE OF WARRANT OR TREATMENT FURLOUGH** |

Before the Court is Defendant Robert Anthony Johnson's Motion for Release of Warrant or Treatment Furlough. Dkt. 205. The government has filed a response opposing the Motion. Dkt. 207. The Court will deny the Motion for the reasons explained below.

## BACKGROUND

On May 29, 2013, Johnson was charged with one count of conspiracy to distribute a controlled substance and one count of possession with intent to distribute a controlled substance (methamphetamine). Dkt. 21. He subsequently pled guilty to the possession count, Dkts. 51 & 56, and was sentenced in March of 2014 to 75 months incarceration followed by four years of supervised release. Dkts. 81 & 83. On October 8, 2015, Johnson's sentence was reduced to a term of 60 months pursuant to 18 U.S.C. 3582(c)(2), based on a retroactive guideline

amendment by the United States Sentencing Commission pursuant to 28 U.S.C. § 994(u). Dkt. 117.

Johnson's first term of supervision commenced July 3, 2017, and was set to expire on July 2, 2021. Dkt. 189. An Amended Petition on Supervised Release was filed on May 13, 2021, alleging several violations of the terms of supervision, including a conviction for driving under the influence, testing positive for alcohol, providing diluted drug tests, dealing controlled substances, using methamphetamine, and attempting to use a "urine defeating device" to cheat on a drug test. Dkt. 190 at 2–4. On May 27, 2021, the Court revoked Johnson's supervised release and imposed the statutory maximum sentence of 24 months' imprisonment, followed by three years of supervised release. Dkts. 193 & 195.

On January 20, 2022, Johnson filed a Motion for Compassionate Release (Dkt. 198). The Court denied the motion, identifying "many" discrepancies between Johnson's representations and the record, and concluding that, if released, Johnson would "present a danger to the public." Dkt. 201.

In March 2024, during his second term of supervised release, Johnson was arrested on four drug possession charges in Idaho County, Idaho. Dkt. 203. On March 28, 2024, United States Probation filed a Petition on Supervised Release alleging that Johnson has again violated numerous mandatory and standard conditions of supervised release. *Id.* The allegations of the Petition relate to the

conduct underlying Johnson's charges in Idaho County, including: his alleged possession and use of drugs, his unauthorized departure from the Eastern District of Washington, his interaction with another individual engaged in criminal activity, and his possession of a weapon (i.e. a machete). *Id.*

On May 17, 2023, Johnson filed a Motion for Release of Warrant or a Treatment Furlough (Dkt. 205). He requests to be either "terminated off probation" or "release[d]" from "the US marshalls probation hold" in order to attend treatment at the Moonlight Mountain Recovery Center in Nampa, Idaho. *Motion* at 1–2, Dkt. 204. The government opposes the Motion. Dkt. 207.

## DISCUSSION

Johnson makes two alternative requests. First, he asks the Court to "terminate[]" the revocation proceedings against him. *Motion* at 2, Dkt. 205. The Court cannot preemptively foreclose revocation proceedings based upon the reasons Johnson provides. *See U.S. v. Chavez-Tello*, 510 Fed. App'x. 506, 508 (9th Cir. 2013) (unpublished) (holding district court lacked authority to dismiss revocation proceedings before revocation hearing absent a rights violation or challenge to the integrity of judicial proceedings).[1] Johnson argues that he would

---

[1] The federal district court in the District of Alaska recently distinguished *Chavez-Tello* because, there, the defendant's motion to dismiss "lacked legal justification" and was not supported by the U.S. Probation Office. *United States v. Hoover*, Case No. 3:08-cr-00123-TMB-SAO, 2023 WL 180061, at *3 (D. Ala. Jan. 13, 2023); neither was true of the case before the District of Alaska. But both are true here.

benefit from inpatient substance abuse treatment. But even if that is true, it does not justify a wholesale dismissal of the pending Petition on Supervised Release.

Alternatively, Johnson asks the Court to grant him a temporary "furlough" so that he can participate in a 3-day treatment program at the Moonlight Mountain Recovery Center. *Motion* at 2, Dkt. 205. Although this Court is generally a proponent of treatment options, this case is somewhat unique. Nearly ten years after his initial conviction, Johnson continues to engage in the very same kind of conduct that led to his original sentence. Moreover, and perhaps more importantly, he has demonstrated a willingness to deceive this Court and the United States Probation Officer assigned to his case. *See Mem. Decision & Order* at 8, Dkt. 201. Ultimately, considering Johnson's concerning criminal history, *PSR*, Dkt. 71, his poor performance on supervised release, Dkts. 193 & 195, and the nature of the allegations set forth in the pending Petition on Supervised Release, Dkt. 203, the Court is not comfortable temporarily releasing Johnson for treatment at Moonlight Mountain Recovery Center.

## ORDER

**IT IS ORDERED that** Defendant Robert Anthony Johnson's Motion for Release of Warrant or Treatment Furlough (Dkt. 205) is **DENIED**.

DATED: August 7, 2024

_____
B. Lynn Winmill
U.S. District Court Judge